IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOEL M. RAMOS-PEREZ<br><br>Plaintiff<br><br>vs<br><br>NATIONAL LIFE INSURANCE COMPANY; WILLIAM HORBATT, his wife SHIRLEY HORBATT, and the conjugal legal partnership composed by them; INSURANCE COMPANY XYZ<br><br>Defendants | CIVIL 11-1256CCC |
| NATIONAL LIFE INSURANCE COMPANY<br><br>Cross-Claimant<br><br>vs<br><br>WILLIAM HORBATT, his wife SHIRLEY HORBATT, and the conjugal legal partnership composed by them<br><br>Cross-Defendants | |

**ORDER**

Before the Court is defendant National Life Insurance Company's (NALIC) Motion for Summary Judgment filed on February 12, 2012 (**docket entry 36**), plaintiff's Memorandum in Opposition filed on March 1, 2012 (docket entry 43), movant's Reply Memorandum of Law filed on March 27, 2012 (docket entry 58), and plaintiff's Sur-Reply filed on April 17, 2012 (docket entry 64-1).

Defendant NALIC's Motion for Summary Judgment seeks dismissal with prejudice of plaintiff's claims on several grounds. First, Ramos fails to state a valid claim of sexual harassment under Tittle VII because the alleged sexual harassment of which Ramos complains was not because of sex, inasmuch as he unequivocally stated in his deposition that the alleged harassment was carried out because Horbatt perceived him to be a "homosexual" and to be "dumb." Given that harassment based on perceived sexual orientation and/or plaintiff's lack of intelligence does not constitute discrimination because

CIVIL 11-1256CCC                                          2

of sex, NALIC contends that Ramos' sexual harassment claim should be summarily dismissed.  Second, the challenged conduct did not constitute a sexual advance by Horbatt toward Ramos and Horbatt's alleged remarks fall short of the levels of severity and pervasiveness required to be actionable under Title VII.  Third, the alleged sexual harassment was not unwelcomed by Ramos as he actively contributed to the purported hostile environment by continuously making comments of a sexual nature and of his personal life in front of co-workers.  Fourth, Ramos' factual basis for his national origin harassment claim consists only of a single comment which made no reference to Puerto Rican nationality and/or the Hispanic community.  As such, the alleged comment was not frequent or derogatory as to Ramos' national origin, and thus, is not actionable under Title VII.  Fifth, Ramos' retaliation claim is meritless inasmuch as he lacks any admissible evidence to show the required causal connection between his Antidiscrimination Unit charge and his termination, while NALIC has proffered a legitimate non-retaliatory reason to explain Ramos' termination.

Having carefully considered the evidence presented by both parties, the Court concludes that it is precluded from summarily disposing of plaintiff's Tittle VII claims based on hostile work environment due to sexual harassment and on retaliation as well as the supplemental claims brought under Law 100, 29 L.P.R.A. § 146, Law 17, 29 L.P.R.A. § 155 and Law 115, 29 L.P.R.A. § 194(a), since there exist genuine issues of material facts that must be tried and resolved by a jury.

This is not the case, however, regarding plaintiff's Tittle VII claim based on discrimination on account of national origin.

**National Origin Discrimination**

In order for harassment under national origin to be actionable under Tittle VII, plaintiff must show that the harassment based on national origin "was sufficiently severe or pervasive to alter the conditions of [his] employment," and that "the work environment was

CIVIL 11-1256CCC                              3

both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that plaintiff in fact perceived to be so" in order to succeed with a hostile environment claim under Tittle VII.  Conto v. Concord Hosp., Inc., 265 F.3d 79, 82 (1st Cir. 2001).  The Court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance." Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000).  This is not a precise test, and the decision as to "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances." Id.

### Analysis on Plaintiff's National Origin Discrimination

Ramos' allegations in the complaint of discrimination on the basis of national origin consist of paragraph 21 of the complaint where he avers that on April 2010, when Ramos addressed Horbatt with some questions about a project he was working on, Horbatt answered with a disparaging comment about his nationality:  "[t]his work was done by filipinos and they did not ask anything, even when they earn less than you, idiot", and paragraph 26 which states that Horbatt humiliated Ramos because of his Puerto Rican nationality, constantly referring to Puerto Ricans as idiots and dumb.  NALIC contends that plaintiff's national origin harassment claim falls short of the levels of severity and pervasiveness required for it to be actionable.  It argues that  Ramos' factual basis consists only of a single comment which made no reference to Puerto Rican nationality and/or to the Hispanic community.  Ramos has not rebutted this in any way.  The only evidence on record consists of the single comment at paragraph 21.  This  single comment makes no reference to Puerto Ricans at all, and, even the comment was indeed directed against Ramos for being Puerto Rican, it is insufficient, as a matter of law, to create a hostile work environment.  Ramos' national origin harassment claim falls far short of the levels of severity and pervasiveness required to establish a *prima facie* case of discrimination actionable under

CIVIL 11-1256CCC                              4

Tittle VII.  There are no genuine issues of material facts as to the national origin discrimination claim.  NALIC is entitled to summary judgment disposition as a matter of law.

### Supplemental Claims Pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico

Plaintiff also brought suit under Articles 1802 and 1803 of the Puerto Rico Civil Code, which imposes liability on any person or entity that "causes damages to another through fault or negligence."  The Puerto Rico Supreme Court held in Santini-Rivera v. Serv. Air, Inc., 137 D.P.R. 1, 16 (1994), that to the extent that a specific labor law covers the conduct for which plaintiff seeks damages, he is barred for using the same conduct under Article 1802.  Therefore, plaintiff Ramos-Pérez' claims under Articles 1802 and 1803 must be DISMISSED.

In sum, and for the reasons stated, the motion for Summary Judgment (**docket entry 36**) is GRANTED as to plaintiff's national origin discrimination claim and the claims of under Articles 1802 and 1803 of the Puerto Rico Civil Code.  Accordingly, partial judgment will be entered DISMISSING those claims.  It is DENIED, however, as to the sexual harassment and retaliation claims.

SO ORDERED.

At San Juan, Puerto Rico, on August 27, 2012.

S/CARMEN CONSUELO CEREZO<br>United States District Judge